9

United States District Court
Southern District of Texas
FILED

OCT 1 1 2001

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

RAYMUNDO GONZALEZ-GARIBAY
    Petitioner,

(C.A. NO. B-01-100)

V.

                          C.R. NO. B-99-020

UNITED STATES OF AMERICA
    Respondent.

## REBUTTAL TO GOVERNMENT'S RESPONSE ON MOTION FOR RELIEF UNDER 28 U.S.C. SECTION 2255

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, Petitioner, Raymundo Gonzalez-Garibay, U.S.M. No. 82756-079, acting in pro-se, and moves this Honorable Court, and respectfully submits this his Rebuttal, to Government's Response on Motion for Relief under 28 U.S.C. Section 2255.

## JURISDICTION

    Jurisdiction is invoked pursuant to 28 U.S.C. Section 2255.

CHAPDF - www.fesio.com

## A.   PROCEDUAL HISTORY

Petitioner filed his motion, seeking relief under 28 U.S.C. Section 2255, Civil Action No. B-01-100, on June 15, 2001. Petitioner submitted his petition, on the basis that he was prejudiced by court appointed counsel's trial representation, and the fact that Government's Exhibit No. 12, stipulates birth abroad to one citizen parent. A fact, of which, during the trial proceedings, the jury was the only body to inquire into the significance of said fact. A fact, of which responsibility, the Court removed, from the jury's fact-finding duties.

## B.   LEGAL PRINCIPLES GOVERNING COUNSEL'S INEFFECTIVE ASSISTANCE

Petitioner was denied effective assistance of counsel as guaranteed a defendant by the Sixth Amendment to the United States Constitution. See, Petitioner's 2255 motion, pages 6-9. Right to counsel is not satisfied by appointment alone; appointed counsel at trial and on appeal must advocate the client's cause vigorously and completely. Barnes v. Jones, 665 F.2d 427 (1981). Petitioner contends that birth abroad to one citizen parent, had it been contested, would have been meritorious on appeal. Petitioner was prejudiced by counsel's failure to raise this claim on appeal. See, U.S. v. Philips, 210 F.3d 345 (5th Cir. 2000) ( the Philip's case thus supports the proposition that a 2255 petition is a proper way to challange a sentence that was based upon incorrect information.).

"Ineffective assistance of counsel not only constitutes ground for relief on motion to vacate, set aside, or correct sentence, but it can also constitute for failure to raise an issue on direct appeal. Barnett v. U.S., 870 F.Supp. 1197, at 1202 (S.D.N.Y. 1994). See also, Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed. 2d 397 (1986)("Ineffective assistance of counsel, then, is cause for procedural default."); Smith v. South Carolina, 882 F2d 895, 898 (4th Cir. 1989)

(2)

(recognizing that ineffective assistance of counsel constitutes cause for failure to raise an issue on direct appeal), <u>cert. denied</u>, 493 U.S. 1046, 110 S.Ct 843, 107 L.Ed.2d 838 (1990). Ineffective assistance of counsel is cause for procedural default for purposes of motion to vacate sentence. <u>U.S. v. Placente, C.A.5 (La.) 1996, 81 F.3d 555.</u>

To establish ineffective assistance of counsel as the cause for procedural default, "petitioner must show that his counsel was ineffective for the purpose of the Sixth Amendment." <u>Cantone v. Superintendent, 759 F.2d 207, at 218 (2-Cir.)</u>, 474 U.S. 835, 106 S.Ct. 109, 88 L.Ed.2d 89 (1985). In order to prevail on a claim of ineffective assistance of counsel within the framework established by the Supreme Court in, <u>Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674</u>, a habeas petitioner must satisfy a two-prong test. First, he must show that his attorney's performance 'fell below an objective standard of reasonableness,' <u>id at 688, 104 S.Ct. at 2064</u>, (see, petition page(s) 2-8), and, second, he must show that there is a "reasonable probability" (see, petition page(s) 8-17), that but for counsel's error, the outcome would have been different, <u>id. at 694, 104 S.Ct. at 2068</u>. See also, <u>U.S. v. Ruth, C.A.10 (Kan.) 1996, 100 F.3d 111</u>.

C.  <u>CONSTITUTIONAL ERROR, FUNDAMENTAL UNFAIRNESS, CAUSE AND PREJUDICE</u>

A constitutional error is harmless when it appears "beyond a reasonable doubt that the error ... did not contribute to the verdict obtained." <u>Chapman v. California, 386 U.S. 18, supra, at 24, 17 L.Ed.2d 705, 87 S.Ct. 824</u>. The error in question – a deliberating jury's inquiry, of the law in effect at the time of Petitioner's birth (see, Jury Note No.1), and a judge's response to the jury (see, Response to Jury Note No.1), which relieved the jury of its fact-finding responsibilities." In reviewing a claim that a jury charge was erroneous, the only question is "whether the ailing instruction by itself

(3)

so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed. 2d 368 (1973). The instruction may not be judged in artificial isolation, but must be considered in the context of the instruction as a whole (see, Response to Jury Note No. 1) (see also, In Re Winship, 397 U.S. 358, 362, 25 L.Ed. 368, 375, 90 S.Ct. 1068) (The disadvantage to a person accused of a crime if he could be adjudged guilty and imprisoned on the strenght of the same evidence as would suffice in a civil case, amounts to a lack of fundamental fairness.), and the trial record. Id. at 147, 94 S.Ct. 396 (see also, Court Transcripts-Criminal Action No. B-99-020-March 10-12: Volume I, Jury Voir Dire, March 10, 1999, page(s)- 11-12, 18-19, 45, 51, 53-54; Volume I, Opening Statements of Counsel, March 10, 1999, page(s) - 62, 68, (appointed counsel's opening statements) 72, 73; Motion Hearing, March 10, 1999, page(s)-82-87; Volume II-Jury Trial, March 11, 1999, page(s)- 112-114 (see United States v. Cisneros, 491 F.2d 1068, 1074-75 (1974)), 134-35, 177; March 12, 1999, page 199); Moore v. Scully, 956 F.Supp. 1139, at 1146-47 (S.D.N.Y. 1997)," Ortiz v. Artuz, 113 F.Supp. 2d 327, at 339 (E.D.N.Y. 2000).

The error, to quote- United States v. Gilbreath, 452 F.2d 992, at 994 (1971). "The primary purpose of jury instructions is to define with substantial particularity the factual issues, and clearly to instruct the jurors as to the principles of law which they are to apply in deciding the factual issues involved in the case before them. United States v. Hill, 417 F.2d 279 (5th Cir. 1969). Accordingly, a defendant is entitled to a charge with precisely and specifically, rather than merely, generally, or abstractly points to a theory of his defense. Perez v. United States, 297 F.2d 12 (5th Cir. 1961); U.S. v. Filtcraft, 863 F.2d 342, at 343-44 (5th Cir. 1988); United States v. McClain, 545 F.2d 988, at 1003-04 (1977) (when a jury is is not given an opportunity to decide a relevant factual question it is not sufficient "to urge that the record contains evidence that would

support a finding of guilt even under a correct view of the law." United States v. Casale Car leasing Inc., 2 Cir. 1967, 385 F.2d 707, 712.); United States v. Anderton, 629 F.2d 1044, at 1049 (1980) (in the circumstances presented, it was the judge's responsibility to clear up the jury's confusion). In Jenkins v. United States, 380 U.S. 445, 446, 85 S.Ct. 1059, 1060, 13 L.Ed. 2d 957 (1965), the Supreme Court reversed a federal conviction on the ground that the trial judges charge to the deliberating jury "in its context, and under all the circumstances . . . had [a] coercive effect."

In the case at hand, Petitioner asserts that the District Court prejudiced him for failing to submit the materiality issue of alienage to the jury with respect to the illegal reentry, and claiming to be a U.S. citizen counts. For the fact that, the materiality of the jury's inquiry during its deliberations (see, Jury Note No. 1), pertained to the "alienage element" of those offences. The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. United States v. Gaudin, (1995) 515 U.S. 506, 523, 524, 132 L.Ed. 2d 444, 115 S.Ct. 2310. Further, Petitioner expresses the view that depriving a criminal defendant of the right under: Article III, Section 2, Clause 3, of the Constitution, and under the Sixth Amendment, to have the jury determine the defendant's guilt of the crime charged – which neccessarily means the commission of every element of the crime charged – could never be a harmless error. The harmless error review "looks . . . to the basis on which 'the jury actually rested its verdict.'" Sullivan v. Louisiana, supra, 508 U.S. 275, id. at 279, 124 L.Ed. 2d 182, 113 S.Ct. 2078 (1993) (quoting Yates v. Evatt, 500 U.S. 391, 404, 114 L.Ed. 2d 432, 111 S.Ct. 1884 (1991)). See also, Response to Jury Note No. 1; E.g., In re Winship, 397 U.S. 358, 364.

At trial, the district judge has the responsibility of

ensuring its proper conduct, and determining questions of law. Glassner v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L. Ed. 680 (1942); Quercia v. United States, 289 U.S. 466, 53 S. Ct. 698, 77 L. Ed. 1321 (1933); United States v. Ciampa, 793 F. 2d 19, 25 (1st Cir. 1986)).

While in deliberation the jury's inquiry to the judge was a clear indication of its confusion. "When a jury makes explicit its difficulties (see, Jury Note No. 1), a trial judge should clear them away with concrete accuracy (see, Response to Jury Note No. 1)." Bollenbach v. United States, 326 U.S. 607, at 612-13, 66 S. Ct. 402, at 405, 90 L. Ed. 350, at 354. Yet the jury's question was dealt with a cursory manner, skirted by a reply "definitions and instructions you are to use at coming to a decision, were instructed to you during trial." Indeed, when it submitted the matter to the jury, the court apparantly recognized "alienage", (U.S. v. Meza-Soria, 935 F. 2d 166 (9th Cir. 1991); U.S. v. Ortiz-Lopez, 24 F. 3d 53 (9th Cir. 1994)), was a question for their decision. The determination of whether an issue has been raised and considered in a prior action or proceeding does not depend upon technicalities, but, on broad principles of justice. Chas. Ind. Co. v. Cecil B. Wood Inc., (2d Dist.) 56 Ill. App. 2d 30, 205 N.E. 2d 786. "In other words, the question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury

According to the procedure and standards appropriate for criminal trials." Bollenbach, 326 U.S. at 614.

In conclusion, a court cannot, no matter how clear the defendant's culpability, direct a guilty verdict. See; Carpenters V. United States, 330 U.S. 395, 410, 91 L. Ed. 973, 67 S. Ct. 775 (1947); Rose V. Clark, 478 U.S. 570, 578, 92 L. Ed 2d 460, 106 S. Ct. 3101 (1986); Arizona V. Fulminante, 499 U.S. 279, 294, 113 L. Ed. 2d. 302, 111 S. Ct. 1246 (1991). The scope of view on habeas petitioners' claim that he was deprived of a fair trial by errors in the charge to the jury is very narrow. Estelle V. McGuire, 502 U.S. 62, 73, 112 S. Ct. 475, 116 L. Ed. 2d. 385 (1991). See also, United States V. Amaya, 509 F.2d 8 (1975) (Charge which has effect of coercing a verdict, is incorrectly given, and requires a mistrial.)

The plain error doctrine is applied to protect against errors which seriously affect the "fairness, integrity, or public reputation, of a judicial proceeding." United States V. Atkinson, 297 U.S. 157, 160, 56 S. Ct. 391, 392, 80 L. Ed. 555 (1936). (Quoted in, United States V. Young, 470 U.S. 1, 14, 105 S. Ct. 1038, 1046, 84 L. Ed 2d 1 (1985).

At stake in this case are constitutional protections of surpassing importance; the proscription of any deprivation of Liberty without "due process of Law," Amdt. 14, and the guarantee that "[in] all criminal prosecutions, the accused

(7)

shall enjoy the right to a speedy and public trial, by an impartial jury," Amdt. 6. Taken together, these rights indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510 (1995); see also Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); Winship, 397 U.S., at 364 ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

## Certificate Of Service

I, Raymundo Gonzalez-Garibay, Register No. 82756-079, acting in pro-se, do certify that a copy of the forgoing Rebuttal to Motion of Government's Response has been mailed on this 8th day of October, 2001, via certified mail Z-406-064-437, return reciept requested, to:

United States Attorney's Office
Southern District of Texas
600 E. Harrison St., #201
Brownsville, Texas
                78520 - 7114

*Raymundo Gonzalez-Garibay*
Raymundo Gonzalez-Garibay
Petitioner, Pro-Se